# CV-08 0790

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**KIERA TALLEY,**

**Index No.:**   HURLEY, J.

                   **Plaintiff,**   

**COMPLAINT**   BOYLE, M.

    **- against -**

**BRENTWOOD UNION FREE SCHOOL DISTRICT,**
**BRENTWOOD BOARD OF EDUCATION, MICHAEL**
**COHEN, in his capacity as Superintendent of the**
**Brentwood Union Free School District, GALE KIRKHAM,**
in her individual capacity and as a member of the BOARD
OF EDUCATION FOR THE BRENTWOOD UNION FREE
SCHOOL DISTRICT, **TOMAS DEL RIO,** in his individual
capacity and as a member of the BOARD OF EDUCATION
FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT
and **JOSEPH FRITZ**, in his individual capacity and as a member
of the BOARD OF EDUCATION FOR THE BRENTWOOD
UNION FREE SCHOOL DISTRICT,

**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ FEB 26 2008 ★

LONG ISLAND OFFICE

**Jury Trial Demanded**

                  **Defendant.**
-------------------------------------------------------------------X

     Plaintiff, **KIERA TALLEY**, by and through her attorneys, **ILANA L. DEUTSCH,**

**ESQ.**, complains as follows:

## I.   PRELIMINARY STATEMENT

1.    Plaintiff brings this action to recover monetary and affirmative relief based upon

    Defendant's violations of (1)42 U.S.C. §1983 (2) 42 U.S.C. §1985 (3) 42 U.S.C. §1986

    (4) the First Amendment of the United States Constitution, and article 1, section 8, of the

    New York State Constitution (5) substantive due process rights and equal protection of

    the laws of the Fourteenth Amendment of the United States Constitution and article 1,

    section 11, of the New York State Constitution (6) common law for intentionally

1

inflicting emotional distress (7) common law willful damage to reputation and good name

and willful interference with future contractual relations and other appropriate rules

regulations, statutes and ordinances, and other appropriate rules, regulations, statutes and

ordinances.

## II.   JURISDICTION AND VENUE

2.      This court has jurisdiction over this action pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985,

42 U.S.C. §1986, First Amendment of the United States Constitution and the Fourteenth

Amendment of the United States Constitution, 28 U.S.C. §§1331, 1337 and 1367. This

Court has jurisdiction over all state law claims brought in this action pursuant to 28

U.S.C. § 1367.

3.      This action properly lies in the United States District Court for the Eastern District of

New York, pursuant to 28 U.S.C. §1391 because the constitutional violations and

unlawful retaliatory practices occurred within this district.

4.      This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§2201 and

2202.

5.      Plaintiff filed a timely Notice of Claim within ninety (90) days of the aggrieved

violations.  A true and accurate copy of which is attached hereto as "Exhibit A."

## III.   PARTIES

6.      Plaintiff, **KIERA TALLEY** ("Talley"), is and was at all times relevant herein, a

domiciliary of the State of New York residing in the County of Suffolk.

7.      At all times relevant herein, Plaintiff has been a "person" within the meaning of 42

U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1986, United States Constitution and New

2

York State Constitution.

8.      Upon information and belief, Defendant **BRENTWOOD UNION FREE SCHOOL DISTRICT** ("School District") is a municipal corporation organized under the laws of the State of New York and is located in Brentwood, New York and is a School District.

9.      Upon information and belief, Defendant **BRENTWOOD BOARD OF EDUCATION** ("Board") is a municipal corporation organized under the laws of the State of New York and is located in Brentwood, New York and is a Board of Directors of the School District.

10.     Upon information and belief, Defendant **MICHAEL COHEN** ("Cohen") is an individual and the Superintendent of the Defendant School District.

11.     Upon information and belief, Defendant **GALE KIRKHAM** ("Kirkham") is an individual and a member of the Defendant Board.

12.     Upon information and belief, Defendant **DEL RIO** ("Del Rio") is an individual and a member of the Defendant Board.

13.     Upon information and belief, Defendant **JOSEPH FRITZ** ("Fritz") is an individual and a member of the Defendant Board.

14.     Upon information and belief, at all times relevant herein, Defendants School District and Board are "persons" within the meaning of 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1986, United States Constitution and New York State Constitution.

## IV. BACKGROUND FACTS

15.     Ms. Talley is the daughter of George M. Talley.

16.     Upon information and belief, George M. Talley has been a member of the Board as of 2004.

3

17.    In 1994, Ms. Talley began employment with Brentwood as a Teacher's Assistant for the Head Start Program, while she was still a student.

18.    In 2000, Ms. Talley began working as a sign language interpreter for Brentwood, and performed such work until her termination in October, 2007.

19.    In the Spring of 2006, Ms. Talley was a Student Teacher within the Brentwood Union Free School District.

20.    In or about May 2006, Ms. Talley received her Dual Certification Masters Degree in Elementary General Education and Special Education with a concentration in Autism from Long Island University.

21.    In or about September 2006, Ms. Talley secured a position with Brentwood Union Free School District as a Level I Special Education Teacher at Southwest Elementary.

22.    During the course of her employment, Ms. Talley performed the functions of her position in a satisfactory manner and received positive reviews for her job performance.

23.    In or around May 2006, George M. Talley, Plaintiff's father, was elected the President of the Brentwood Board of Education.

24.    During the 2007-2008 school year, Ms. Talley was again placed in the Southwest Elementary School Building in a Level I Special Education Teaching Position.

25.    Ms. Talley received full benefits in addition to her annual salary.

26.    Upon information and belief, with the beginning of the 2007-2008 school year, tension mounted between the Board Members of the Board, including Ms. Talley's father, George M. Talley.

27.    Upon information and belief, the Board was divided on many issues and three of the Members of the Board, Defendants Kirkham, Del Rio and Fritz, called for the resignation

4

of Mr. George M. Talley.

28.   Upon Information and Belief, on or about September 18, 2007, a scheduled Board

meeting of the Brentwood Board of Education was to be held and attended by all seven

(7) Board Members, to put to a vote whether Ms. Talley would continue her employment

with the School District, a routine appointment for a Teacher in her position.

29.   Upon information and belief, this vote would determine whether Talley would be

considered a tenured track teacher with the School District.

30.   As the nepotism policy in Brentwood states, all family members of the Board must obtain

five out of seven votes in order to receive employment, as opposed to four out of seven

votes for teachers unrelated to Board Members.

31.   At the September 18, 2007 Board meeting Three (3) of the Board Members, Defendants

Kirkham, Del Rio and Fritz, abstained from voting on Ms. Talley's appointment.

32.   During the next pay period and without notice, Ms. Talley was demoted to a substitute

teacher position, reducing her compensation significantly and denying her all benefits she

had previously received.

33.   Ms. Talley continued to perform her job in a satisfactory manner.

34.   Upon information and belief, on or about October 3, 2007, a scheduled Board meeting of

the Brentwood Board of Education was to be held and attended by all seven (7) Board

members to again vote on Ms. Talley's continued appointment as a Teacher with the

School District.

35.   Defendants Kirkham, Del Rio, and Fritz failed to appear for the October 3, 2007 meeting

to vote on Ms. Talley's appointment.

36.   On or about October 20, 2007, a third Board meeting was scheduled to vote on Ms.

Talley's position with the School District, wherein Defendants Kirkham, Del Rio and

Fritz voted against Ms. Talley, terminating her employment with the Brentwood Union

Free School District and immediately voting in a replacement teacher.

37.  At the October 20, 2007 meeting, she took the microphone to inquire from the Board as

to the reasons behind her termination.

38.  Ms. Talley was spoken to in a demeaning fashion by Board Members and was publicly

yelled at, humiliated and embarrassed.

39.  At the October 20, 2007 Board meeting, Kirkham stated that though Ms. Talley was

qualified for the Teaching position, she was terminated for "personal reasons."

40.  Upon information and belief, Defendants Kirkham, Del Rio and Fritz terminated Ms.

Talley in retaliation for associating with her father, George M. Talley and in violation of

42 U.S.C. Sec. 1983,  the First Amendment of the United States Constitution, and article

1, section 8, of the New York State Constitution.

41.  Upon information and belief, Kirkham, Del Rio and Fritz opposed Mr. George M. Talley

and conspired to deny his daughter, Ms. Talley, a permanent position with the Brentwood

Union Free School District in violation of 42 U.S.C. Sec. 1985 and 1986.

42.  Upon information and belief, Superintendent Michael Cohen knew of the conspiracy  but

failed to prevent it although he had the power to do so in violation of 42 U.S.C. Sec.

1986.

43.  Upon information and belief, due to the relationship between Ms. Talley and her father,

George M. Talley, the Board treated Ms. Talley unequally to other Teachers within the

Brentwood Union Free School District in violation of the equal protection of the laws of

the Fourteenth Amendment of the United States Constitution and article 1, section 11, of

the New York State Constitution.

44. Upon information and belief, following the September 18, 2007 and October 20, 2007 Board meetings, Defendants Kirkham, Del Rio and Fritz spoke to Newsday about the circumstances surrounding Ms. Talley, her denial of appointment, damaging her professional reputation and embarrassing her intentionally.

45. Ms. Talley was directed not to speak to the press.

46. Upon information and belief, Defendant's willful violation of Ms. Talley's constitutional rights continues to affect Ms. Talley's financial, physical and emotional well-being, as well as her reputation.

47. Ms. Talley has been the feature of several newspaper articles on Long Island and due to the Defendants Kirkham, Del Rio and Fritz and their willfulness, they have interfered with future contractual relations with other school districts by tarnishing Ms. Talley's reputation.

48. Upon information and belief, when contacted for a referral, a representative of Brentwood Union Free School District has given potential future employers of Ms. Talley a negative referral.

## V. CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
(42 U.S.C. §1983 as against BRENTWOOD UNION FREE SCHOOL DISTRICT, BRENTWOOD BOARD OF EDUCATION, **GALE KIRKHAM,** in her individual capacity and as a member of the BOARD OF EDUCATION FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT, **TOMAS DEL RIO,** in his individual capacity and as a member of the BOARD OF EDUCATION FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT and **JOSEPH FRITZ,** in his individual capacity and as a member of the BOARD OF EDUCATION FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT)

49.   Plaintiff repeats and realleges each and every allegation contained herein.

50.   Defendants violated 42 U.S.C. §1983 by retaliating against Plaintiff on the basis of her association with her father inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted Plaintiff's demotion and reduction in salary and eventual termination from employment and denial of benefits.

51.   As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an amount to be determined at trial.

52.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

53.   Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of compensatory and punitive damages to be determined at trial.

## SECOND CLAIM FOR RELIEF
(42 U.S.C. §1985 as against **GALE KIRKHAM,**
in her individual capacity and as a member of the BOARD
OF EDUCATION FOR THE BRENTWOOD UNION FREE
SCHOOL DISTRICT, **TOMAS DEL RIO,** in his individual
capacity and as a member of the BOARD OF EDUCATION
FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT
and **JOSEPH FRITZ,** in his individual capacity and as a member
of the BOARD OF EDUCATION FOR THE BRENTWOOD
UNION FREE SCHOOL DISTRICT)

54.   Plaintiff repeats and realleges each and every allegation contained herein.

55. Defendants Kirkham, Del Rio and Fritz violated 42 U.S.C. §1985 by conspiring to retaliate against Plaintiff on the basis of her association with her father inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted Plaintiff's demotion and reduction in salary and eventual termination from employment and denial of benefits.

56. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an amount to be determined at trial.

57. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

58. Defendant's conduct was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. §1986 as against **MICHAEL COHEN, in his capacity as Superintendent of the Brentwood Union Free School District, GALE KIRKHAM,** in her individual capacity and as a member of the BOARD OF EDUCATION FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT, **TOMAS DEL RIO,** in his individual capacity and as a member of the BOARD OF EDUCATION FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT and **JOSEPH FRITZ,** in his individual capacity and as a member of the BOARD OF EDUCATION FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT)

59. Plaintiff repeats and realleges each and every allegation contained herein.

60. Defendants Cohen, Kirkham, Del Rio, and Fritz violated 42 U.S.C. §1986 through their

9

knowledge of the Board member's conspiracy to retaliate against Plaintiff on the basis of her association with her father and his failure to act to prevent such termination, though they each had the power to do so, inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted Plaintiff's demotion and reduction in salary and eventual termination from employment and denial of benefits.

61.   As a proximate result of Defendant's violation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an amount to be determined at trial.

62.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

63.   Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(First Amendment of the United States Constitution, and
article 1, section 8, of the New York State Constitution)

64.   Plaintiff repeats and realleges each and every allegation contained herein.

65.   Defendants violated the First Amendment of the United States Constitution, and article 1, section 8, of the New York State Constitution on the basis of her freedom of her association with her father, a protected "familial association", inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted Plaintiff's

demotion and reduction in salary and eventual termination from employment and denial of benefits.

66. As a proximate result of Defendant's violation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an amount to be determined at trial.

67. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

68. Defendant's conduct was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
(Fourteenth Amendment of the United States Constitution and
article 1, section 11, of the New York State Constitution)

69. Plaintiff repeats and realleges each and every allegation contained herein.

70. Defendants violated the Fourteenth Amendment of the United States Constitution, and article 1, section 11, of the New York State Constitution on the basis of their denial of a protected right to privacy and confidentiality with respect to Ms. Talley and retaliation for her familial association with her father, inasmuch as Defendants engaged in such outrageously arbitrary course of conduct, as stated above which collectively resulted Plaintiff's demotion and reduction in salary and eventual termination from employment and denial of benefits.

71. As a proximate result of Defendant's violation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an

amount to be determined at trial.

72.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

73.   Defendant's egregious conduct was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial.

### SIXTH CLAIM FOR RELIEF
(Fourteenth Amendment of the United States Constitution and article 1, section 11, of the New York State Constitution)

74.   Plaintiff repeats and realleges each and every allegation contained herein.

75.   Defendants violated the Fourteenth Amendment of the United States Constitution, and article 1, section 11, of the New York State Constitution on the basis of their denial of equal protection of the laws with respect to Ms. Talley in comparison to similarly situated teachers in the Brentwood Union Free School District, inasmuch as Defendants engaged in a malicious and intentional course of conduct, and in punishment of Ms. Talley's right to familial association,  as stated above which collectively resulted Plaintiff's demotion and reduction in salary and eventual termination from employment and denial of benefits.

76.   As a proximate result of Defendant's violation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an amount to be determined at trial.

77.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental

12

and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

78.   Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

79.   Plaintiff repeats and realleges each and every allegation contained herein.

80.   Defendants Intentionally inflicted emotional distress upon Ms. Talley by publicly retaliating against Plaintiff for her familial association with her father with extreme and outrageous conduct through public embarrassment, humiliation, and publicly yelling at and demeaning Plaintiff, inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted Plaintiff's demotion and reduction in salary and eventual termination from employment and denial of benefits.

81.   As a proximate result of Defendant's violation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an amount to be determined at trial.

82.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

83.   Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of emotional damages to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
### (Willful Damage to Reputation and Good Name)
13

84.   Plaintiff repeats and realleges each and every allegation contained herein.

85.   Defendants Intentionally damaged Ms. Talley's reputation and good name by soliciting the media and giving negative statements to the press, tarnishing Ms. Talley and directing her not to speak to the media.

86.   As a proximate result of Defendant's violation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an amount to be determined at trial.

87.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

88.   Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial.

### NINTH CLAIM FOR RELIEF
(Intentional Interference with Future Contractual Relations)

89.   Plaintiff repeats and realleges each and every allegation contained herein.

90.   Defendants intentionally rendered a negative referral to future potential employers of Ms. Talley.

91.   As a proximate result of Defendant's violation, Plaintiff has suffered and continues to suffer substantial loss of compensation and benefits, all to Plaintiff's damage in an amount to be determined at trial.

92.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental

and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

93.     Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial.


**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment:

a.      Declaring Defendants violated aforementioned statutes;

b.      Issuing a permanent injunction enjoining Defendants, its agents, employees, officers, and successors in interest, and those acting in concert with Defendants, from engaging in the illegal and unlawful customs, policies, and practices described herein;

c.      On each and every claim for relief, Defendants pay Plaintiff compensatory damages and emotional damages, where applicable, in an amount to be determined at trial;

e.      Defendants be ordered to compensate, reimburse and make Plaintiff whole in the form of back pay, front pay and all benefits which she would have been afforded but for said violations and retaliation in an amount to be determined at trial;

f.      With regard to all claims for relief, Defendant be ordered to pay Plaintiff pre- and post- judgment interest;

g.      With regard to all claims for relief, Defendant be ordered to pay the costs and

disbursements of this action, including reasonable attorney's fees.

h.    For such other and further relief as may be just and proper.


Dated: Commack, New York
       February 20, 2008

                                    Ilana L. Deutsch, Attorney At Law
                                    Attorneys for Plaintiff


                              By:  _____
                                    Ilana L. Deutsch (ID7327)
                                    353 Veterans Memorial Highway
                                    Suite 210
                                    Commack, New York 11725
                                    (631) 543-3663

## <u>VERIFICATION</u>

STATE OF NEW YORK    )
                          )ss:
COUNTY OF SUFFOLK    )

    **KIERA TALLEY**, being duly sworn, states that she is the Plaintiff in this action and that the foregoing complaint is true to her own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters she believes it to be true.

                                       **KIERA TALLEY**

Sworn to before me
this 20th day of February, 2008

NOTARY PUBLIC

ILANA L. DEUTSCH
NOTARY PUBLIC, State of New York
Qualified in Onondage County, No. ...
Commission Expires Sept. 19, 20 09

Exhibit A

------------------------------------------------------------------X

In The Matter of the Claim of

**KIERA TALLEY,**

        Vs.                                                    **AMENDED NOTICE OF CLAIM**

**BRENTWOOD UNION FREE SCHOOL DISTRICT,**
**BOARD OF EDUCATION FOR THE BRENTWOOD**
**UNION FREE SCHOOL DISTRICT, MICHAEL**
**COHEN,** in his capacity as Superintendent of the
Brentwood Union Free School District, **GALE KIRKHAM,**
in her individual capacity and as a member of the BOARD
OF EDUCATION FOR THE BRENTWOOD UNION FREE
SCHOOL DISTRICT, **TOMAS DEL RIO,** in his individual
capacity and as a member of the BOARD OF EDUCATION
FOR THE BRENTWOOD UNION FREE SCHOOL DISTRICT
and **JOSEPH FRITZ,** in his individual capacity and as a member
of the BOARD OF EDUCATION FOR THE BRENTWOOD
UNION FREE SCHOOL DISTRICT,

------------------------------------------------------------------X

TO:    BRENTWOOD UNION FREE SCHOOL DISTRICT
          Administration Building
          2nd Avenue
          Brentwood, New York 11717

          BOARD OF EDUCATION FOR THE
          BRENTWOOD UNION FREE SCHOOL DISTRICT
          52 Third Avenue
          Brentwood, New York 11717

          MICHAEL COHEN, Superintendent
          c/o Brentwood Union Free School District
          Administration Building
          2nd Avenue
          Brentwood, New York 11717

          Tomas Del Rio, member of the
          BRENTWOOD BOARD OF EDUCATION
          52 Third Avenue
          Brentwood, New York 11717

          Joseph Fritz, member of the
          BRENTWOOD BOARD OF EDUCATION

1

52 Third Avenue
Brentwood, New York 11717

Gale Kirkham, member of the
BRENTWOOD BOARD OF EDUCATION
52 Third Avenue
Brentwood, New York 11717

PLEASE TAKE NOTICE, that Kiera Talley has a claim and hereby makes claim against the above named Respondents for damages due to the careless, negligent and deliberate acts and omissions of the aforesaid municipality, its officers, agents, servants, employees, board members, and in conspiracy with others, and in support thereof Claimant states:

1. The Claimant's address is 124 Chapel Hill Dr., Brentwood, New York.

2. The name of the attorneys for the Claimant is, Ilana L. Deutsch, Esq., and the post office address of such attorneys is 353 Veterans Memorial Highway, Suite 210, Commack, New York 11725, and their telephone number is (631) 543-3663.

3. The claim of Kiera Talley against the aforesaid municipality, its officers, employees and agents is for damages for pain and suffering, emotional distress, damage to reputation, demotion, loss of employment and job advancement, salary and benefits, legal fees, and other damages sustained by reason of their wrongful, illegal, discriminatory, deliberate and/or negligent and careless acts and omissions including intentional infliction of emotional distress, wrongful termination, retaliation and conspiracy to injure Claimant in her employment, good name and reputation in violation of her civil rights as protected by (1)42 U.S.C. §1983 (2) 42 U.S.C. §1985 (3) 42 U.S.C. §1986 (4) the First Amendment of the United States Constitution, and article 1, section 8, of the New York State Constitution (5) substantive due process rights and equal protection of the laws of the Fourteenth Amendment of the United States Constitution and article 1, section 11, of the New York State Constitution (6) interference with future contractual relations (7) intentional infliction of emotional distress. Claimant is entitled to legal fees as well as compensatory, punitive and emotional damages.

4. Upon information and belief, the time when the claims arose and the time when the injuries and damages were sustained was approximately on September 20, 2007 when Claimant was first demoted, then subsequently terminated from her employment on or about October 18, 2007, as a Teacher with the Union Free School District of Brentwood.

5. The manner in which the claim arose and the circumstances under which the damages were sustained was as follow:

Claimant's father, George M. Talley is on the Brentwood Board of Education for the

2

Union Free School District of Brentwood, within the same district Claimant previously held her teaching position. Claimant's father is engaged in a dispute with fellow board members. As a result of Claimant's father and his dispute, Claimant was demoted and subsequently terminated from her position as a school Teacher within the Union Free School District of Brentwood by the Board Members. The Board Members herein named (Del Rio, Kirkham and Fritz) conspired to terminate Claimant for personal reasons. The Board Members sought to harm Claimant through publicity and thereby damaging her career and reputation. Upon information and belief, statements were made orally by members of the board with the intent to harm Claimant, and cause emotional distress, loss of employment, wages and benefits. The Superintendent, Michael Cohen, knew of the conspiracy, had the power to prevent harm to the Claimant and failed to do so.

PLEASE TAKE FURTHER NOTICE that Claimant demands payment of the respective claims and notifies you that unless the same is adjusted and paid within thirty (30) days from the date of its presentation to you, it is the intention of the undersigned to commence an action in the United States District Court for the Eastern District of New York to recover the above sums with costs and disbursements and legal fees.

Dated: Commack, New York
   January 16, 2008

Ilana L. Deutsch, Esq.
Attorney for Claimant
353 Veterans Memorial Highway, Ste 210
Commack, New York 11725
Tel:  (631) 543-3663

3

STATE OF NEW YORK     )
                      ) SS:
COUNTY OF SUFFOLK     )

_____

KIERA TALLEY, being duly sworn deposes and says:

That she is the Claimant herein, that she has read the foregoing claim and knows the contents thereof; that the same is true to her knowledge except as to those matters therein alleged upon information and belief and as to those matters she believes them to be true.

Kiera Talley

Sworn to before me this
16 day of January, 2008.

Notary Public

ILANA L. DEUTSCH
NOTARY PUBLIC, State of New York
Qualified in Onondaga County, No. 02DE6133681
Commission Expires Sept. 19, 20 10

4